FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CC MAR -2 A 10: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ROXANNE PEYSER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 98-RRA-2928-S |
| SIROTE & PERMUTT, P.C., JOHN CHILES, and LEE REEVES, | ) | ENTERED |
| Defendants. | ) | MAR 2 2000 |

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff Roxanne Peyser's ("plaintiff" or "Peyser") objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Robert R. Armstrong on December 17, 1999, regarding various motions to dismiss and to quash service of process, and one Rule 11 motion for sanctions.[1] The magistrate judge based his R&R primarily upon the motions to dismiss due to inadequate service of process. The court will not repeat all citations and quotes in the R&R, but hereby refers to them.

## BACKGROUND

This case stems from plaintiff's complaint alleging sex discrimination under Title VII of the Civil Rights Act of 1964 essentially for wrongful termination by the defendant law firm

---

[1] Defendant Lee Reeves's Motion to Quash Service of Process, filed May 27, 1999; defendant Lee Reeves's Motion to Dismiss, filed June 1, 1999; defendant John Chiles's Motion to Dismiss, filed June 1, 1999; defendant Sirote & Permutt's Motion to Dismiss, filed June 1, 1999; and defendant John Chiles's Motion for Sanctions, filed August 18, 1999.

1



Sirote & Permutt, P.C. ("Sirote"), and its partners, Lee Reeves ("Reeves") and John Chiles ("Chiles") (collectively as "defendants"). Plaintiff also sued Reeves in his individual capacity for sexual assault. Plaintiff states in her complaint that she was employed as an attorney at Sirote from December 26, 1994, until July 19, 1996. Plaintiff contends that on February 11, 1996, plaintiff joined certain members of the Sirote law firm on an excursion to Sammy's, an establishment plaintiff characterizes as a strip bar. Plaintiff alleges that she did not know that Sammy's was the intended destination when she entered a car with the Sirote party. Plaintiff alleges that while at Sammy's, she was "obligated to watch sexually offensive conduct [such as] lap-dancing" by certain partners of Sirote, including Reeves and Chiles. Plaintiff further alleges that while at Sammy's, without her consent, Reeves repeatedly touched "private areas of her body" in a sexual manner.

The following facts are apparently uncontested. Following plaintiff's receipt of her right to sue letter from the EEOC, she filed her complaint on November 24, 1998. Plaintiff's attorney gave verbal instructions to her secretary to initiate service of process. On February 26, 1999, ninety-four days after the filing of the complaint, after discovering that her secretary had failed to heed her instructions, plaintiff's attorney mailed a copy of the complaint, along with a "Notice of Lawsuit and Request for Waiver of Service," to the three named defendants.[2] None of the

---

[2] The plaintiff still had time to serve the defendants within 120 days if the proper procedure had been followed. According to the advisory committee notes, any requests for waiver should be served so that the thirty day response period allotted to the defendant does not expire after the 120 day period allotted to the plaintiff in which to perfect service. In this case, the plaintiff's request for waiver was served 94 days after the complaint was filed. The defendants, therefore, had until March 29, 1999, four days after the expiration of the 120 day period, to respond to the request for waiver. See FED. R. CIV. P. 4(d); see also 4A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1092.1 (2d ed. 1987) (1999 pocket part at 10)

defendants returned the waiver of service. Plaintiff's attorney spent considerable time between November, 1998, and April, 1999, on a class action lawsuit she was handling, Reynolds v. Alabama Dept. of Transp., et al., CV 85 T-665-N (M.D. Ala.). Plaintiff's attorney attempted to effect formal service by certified mail on May 11, 1999, one hundred sixty-eight days after the complaint was filed. The certified mail was addressed to all defendants at the Sirote address, in care of David M. Wooldridge, the managing partner.[3] The mailings were signed for by Ernest May, an employee of Sirote. Reeves was personally served at his residential address on July 1, 1999, by an authorized process server. Chiles was personally served at his residential address on August 9, 1999.

## DISCUSSION

### A. Standard of Review

"When a party makes a timely objection to a R & R by a Magistrate Judge, the determination is subject to de novo review by the district court. However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review." Cuevas v. Callahan, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998) (internal

---

("The procedure for requesting waiver of service should not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned.... [T]he court generally should not grant an extension unless the defendant appears to have evaded service according to subdivision (e) or (h).").

[3] The summons and complaint for Sirote was addressed to "Sirote & Permutt PC; c/o David M. Woooldridge, Esq.; Sirote & Permutt PC; 2222 Arlington Avenue South; Birmingham, AL 35255-5727." The summons and complaint for Chiles was addressed to "John Chiles; c/o David M. Wooldridge, Esq.; Sirote & Permutt PC; 2222 Arlington Avenue South; Birmingham, AL 35255-5727." The summons and complaint for Reeves was addressed to "Lee Reeves; c/o David M. Wooldridge, Esq.; Sirote & Permutt PC; 2222 Arlington Avenue South; Birmingham, AL 35255-5727."

citations omitted); see also In re Holywell, Corp., 967 F.2d 568, 571 (11th Cir. 1992); 28 U.S.C. § 636(b)(1)(B).

**B. The Parties' Contentions**

Plaintiff specifically objects to the magistrate judge's recommendation that this action be dismissed because service of process was not perfected until after the expiration of the 120 day period set out in FED. R. CIV. P. 4(m). Plaintiff's attorney contends that, while not an excuse, an explanation can be made for her failure to perfect service within the 120 day period by way of her involvement in the class action suit. Furthermore, plaintiff alleges that, under Rule 4(m), this court has discretion to enlarge the 120 day period with or without good cause. Plaintiff contends that defendants were put on notice of the lawsuit within the 120 day period, have suffered no prejudice from the imperfect service of process, and that plaintiff's claim would be otherwise time barred by Title VII's 90 day statute of limitations period, leaving justice undone merely because of a technicality.

Defendant Chiles argues that if the magistrate judge's R&R is rejected for any reason, his motion to dismiss under Rule 12(b)(6) is due to be reconsidered on the substantive basis that he is not a proper party to this action as a matter of law.[4] Chiles also asserts that plaintiff's attorney had plenty of time to perfect service of process, despite her schedule. Chiles points to plaintiff's attorney's time keeping records, submitted to the court as Defendant's Exhibit 1, which allegedly demonstrate that plaintiff's attorney spent many days during the time in question when she did not work on the Reynolds case at all. Chiles further argues that plaintiff's reasoning regarding

---

[4] This argument was not addressed by the magistrate judge nor objected to by the plaintiff.

4

Rule 4(m) would leave the rule with no bite or bark in Title VII cases. Finally, Chiles asserts that his motion for sanctions is due to be considered by this court, or remanded to the magistrate judge, for separate proceedings.

Defendant Sirote also asserts that plaintiff's attorney had time to perfect service of process, naming forty-seven weekdays, not including holidays or weekends, on which plaintiff's attorney did not work on <u>Reynolds</u>. Sirote contends that plaintiff's assertion that service of process was "initiated" rather than "perfected" within the 120 day period is insufficient. Sirote has also submitted orders of dismissal entered by other courts within this district for failure to timely serve under Rule 4(m). Plaintiff's attorney in this case was the named attorney for the plaintiff in each of the cases dismissed included in Sirote's submission to the court. Plaintiff's attorney responded to this submission, explaining that the cited cases involved attempts to settle while preserving her clients' rights to sue within the statute of limitations.

Defendant Reeves also contests plaintiff's attorney's claim of lack of time to perfect service of process. Reeves further contends that the fact that defendants had a "fair opportunity to respond" because they were informed through imperfect service of process is irrelevant. Reeves asserts that regardless of what knowledge defendants possessed, they had the right to decline to waive formal service of process, which they did. Plaintiff retained the burden of perfecting service of process within the 120 day period. Furthermore, Reeves notes that plaintiff's request for waiver was served after the period for service had expired according to the advisory committee notes. Reeves points out that plaintiff has a potential remedy against him in state court for her claims of assault and battery.

### C. Rule 4(m) of the Federal Rules of Civil Procedure

Rule 4(m) states in pertinent part:

Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). This rule was formerly 4(j), amended to the current rule in 1993. The advisory committee notes state that:

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, if the applicable statue of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

FED. R. CIV. P. 4(m) advisory committee's note (1993). Courts typically first examine whether good cause has been shown before considering whether to extend the time to perfect service of process within its discretion. See, e.g., Lau v. Klinger, 46 F. Supp. 2d 1377, 1381 (S.D. Ga. 1999); Madison v. BP Oil Co., 928 F. Supp. 1132, 1136-39 (S.D. Ala. 1996).

Good cause has been held to be akin to "excusable neglect," FED. R. CIV. P. 6(b)(2). See Lau, 46 F. Supp. 2d at 1380. Excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Madison, 928 F. Supp. at 1137. Mere inadvertence or mistake of counsel is insufficient. See Lau, 46 F. Supp. 2d at 1380 (citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)); see also Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 659 (D. Md.

6

1986) (counsel's inadvertence is precisely the factor the rule is aimed at); Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476, 477 (N.D. Ill. 1984) (inadvertence of counsel does not establish good cause). Excusable neglect is commonly associated with "factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process." Madison, 928 F. Supp. at 1137. "[A]bsence of prejudice alone can never constitute good cause to excuse late service." Id. (citing MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).

In this case, all relevant factors relating to service of process were within the plaintiff's control. While plaintiff's counsel may have had a busier than usual schedule during the 120 day period at issue, failing to perfect service under that circumstance amounts to inadvertence or mistake. A busy schedule does not rise to the level of sudden illness or a natural catastrophe. Many lawyers are busy. It does not amount to excusable neglect.[5]

Whether or not to extend time to perfect service of process without good cause is a fact intensive query by courts. In Davis v. Belk-Hudson Co. of Tifton, Inc., 173 F.R.D. 323 (M.D. Ga. 1997), the court declined to exercise its discretion under Rule 4(m) to extend time for the plaintiff to perfect service of process where it was more than two years after the complaint had been filed and four years after plaintiff's employment with the defendant had been terminated, despite the fact that refiling would be barred by the statute of limitations. In Zachery v. Thigpen, 895 F. Supp. 1472 (M.D. Ala. 1995), the court refused to extend time for perfection of service of

---

[5] It would be difficult to imagine more inexcusable neglect. Compare discussion in Supplementary Practice Commentaries to Rule 4, C4-41, "A Sampling of Excuses Tendered to Show Good Cause." FED.RULES CIV.PROC. Rule 4, 28 U.S.C.A. (West 1999) (pocket part).

7

process where there had been no attempt by the defendant to lull the plaintiff into believing that service had been effected and refiling would be barred by the statute of limitations. In Lau, 46 F. Supp. 2d 1377, the court declined to extend time for perfection of service of process where state law would ameliorate the harsh result ensuing from the barring of refiling because of the statute of limitations. In Madison, 928 F. Supp. 1132, the court declined to exercise its discretion where prejudice would be felt by the defendant if plaintiff were allowed to perfect service out of time and where the plaintiff would still have a remedy, despite the fact that the statute of limitations on one of her claims would expire.

Federal appellate courts have held that district courts have not abused their discretion in denying discretionary relief under 4(m), for example, where the defendants were never properly served despite a previously granted 20 day extension, Bullock v. United States, 160 F.3d 441 (8th Cir. 1998); where personal service on the defendants was effected more than 240 days after the complaint was filed and the plaintiff had not asked for an extension of time until the defendants filed a motion to dismiss, Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998); where attempts to perfect service had been "half-hearted and dilatory," none of the plaintiff's attempts at service were timely, no extensions of time were requested, and refiling would be barred by the statute of limitations, McCurdy v. Amercian Bd. of Plastic Surgery, 157 F.3d 191 (3d Cir. 1998); and where the plaintiff could have, but failed to, perfect service of process within 120 days and referred to service of process as a "technical nicet[y]," Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1996); where the plaintiffs never filed a motion

8

explaining the oversight, never sought more time to perfect service,[6] and the defendants had still not been served, Miller v. CCC Information Systems, Inc., 2000 WL 27976 (7th Cir. 2000); and where the plaintiffs' counsel were relatively inactive in attempting to locate the defendants to be served, Giacomo-Tano v. Levine, 1999 WL 976481 (4th Cir. 1999).

On the other hand, in McClenney v. Campellton-Graceville Hosp., 1999 WL 639815 (N.D. Fla. 1999), the court exercised its discretion under 4(m) where the plaintiff's Title VII suit would be barred under the statute of limitations. In Florida Outdoor Equipment, Inc. v. Deresinski, 214 B.R. 35 (M.D. Fla. 1997), the court allowed discretionary time to perfect service of process because it reasoned that the "[p]laintiff should not be precluded from pursuing its claims solely because of the actions of its counsel.... To dismiss the ... complaint in these circumstances would elevate the technicalities of service of process over the reality that the Debtor can be served properly and that he has had actual notice of the complaint despite the improper service." Id. at 38 (internal citations and quotations omitted).

> District courts have consistently interpreted Rule 4(m) in the same way, treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant. See, e.g., Mason Tenders Dist. Council Pension Fund v,. Messera, 1997 WL 221200, *4-5 (S.D.N.Y. April 1, 1997); Rose v. Forbes Metro. Hosp., 72 Fair Empl. Prac. Cas. (BNA) 549, 1996 WL 752530, *2-3 (W.D. Pa. Oct. 18, 1996); National Union Fire Ins. Co. v. Forman 635 Joint Venture, 1996 WL 272074, *3 (S.D.N.Y. May 21, 1996); Binicewicz v. General Elec. Co., 1995 WL 628425, *2-3 (N.D. Ill. Oct. 25, 1995); Pinckney v. Sheraton Soc'y Hill, 1994 WL 376862, *3 (E.D. Pa. July 15, 1994); Williams v. United Parcel Serv., 1991 WL 264651, *2 (N.D. Ill. Dec. 9, 1991).

Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997), cert. denied, 522 U.S. 1109 (1998) (while court may consider running of statute of limitations, court's primary focus is on plaintiff's

---

[6] As is the case here.

reasons for not complying with time limit in the first place).

In this case, the complaint was filed on November 24, 1998. The 120 day period to perfect service expired on March 24, 1999. On February 26, 1999, ninety-four days after the filing of the complaint, plaintiff improperly mailed a copy of the complaint, along with a request for waiver of formal service. Under Rule 4(d)(2)(F), the defendants were entitled to at least thirty days to execute and return the waiver, though they were not required to do so. The thirty day period expired on March 29, 1999, 124 days after the lawsuit was filed. Defendants did not execute and return the waiver. Plaintiff attempted to effect formal service on all three defendants on May 11, 1999, 48 days after the 120 day period ended, and 168 days after the complaint had been filed.[7] Reeves was personally served on July 1, 1999, 99 days after the 120 day period ended, and 219 days after the complaint had been filed. In short, plaintiff's first attempt at service was timely though ultimately inadequate. Plaintiff's other attempts to perfect service were untimely. Plaintiff's counsel never requested an extension of time to perfect service of process. Plaintiff's counsel could have perfected service of process within the time allowed. Plaintiff's Title VII claim will be barred by the applicable statute of limitations if refiled.

The federal rules of civil procedure should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. "[T]he federal rules are meant to be applied in such a way as to promote justice.... Often that will mean that courts should strive to resolve cases on their merits whenever possible." McCurdy, 157 F.3d at 197.

---

[7] There is no real explanation as to the further delay from March 29 to May 11.

10

On the other hand, if discretion is to be applied in the plaintiff's favor in every case where the statute of limitations may have run on one or more claims, it would not longer be discretion, but mandate. The rule does not so mandate. The fact that the statute of limitations has run is only one of the factors to be considered. Other factors which the court has considered are the following:

(1) Plaintiff apparently still has time to file a state court claim of assault and battery against defendant Reeves, and perhaps against defendant Sirote as well.

(2) The court cannot imagine more egregious neglect in obtaining service. Even the attempted service by certified mail, after the improper attempt to obtain a waiver of service, was delayed 43 days beyond the time for waiver.[8]

(3) To the extent, if any, that the magistrate judge's recommendation involves discretion, that discretion has not been abused.

(4) The only possible basis for exercising discretion in favor of plaintiff would be to adopt a strict rule in all cases where one or more claims would be barred by a statute of limitations.

(5) The court is ultimately persuaded by the holding in <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157 F.3d at 196, which is relatively indistinguishable except that, here, the plaintiff apparently still has time to pursue at least one viable state law claim.

(6) There is apparently no hardline rule against dismissal in all cases where one or more claims may be time-barred. The Supplementary Practice Commentaries to Rule 4, C4-45, states

---

[8] The court does not reach the issue of whether the service by certified mail on Sirote would have been effective if timely.

11

"Nothing is said about the statute of limitations in Rule 4.... Indeed, from a practical viewpoint the phenomenon, and perhaps the only one that gives moment to mistakes made under Rule 4 is the statute of limitations." A hard and fast rule in favor of plaintiffs who delay service would effectively eviscerate the rule. "The 120 days - that's four months - seems more than enough." Id. at C4-38. "[W]hen the plaintiff knows that an extension [of time] will be needed it is best that the plaintiff take the initiative of moving for it instead of saving it for opposition to a dismissal motion." Id. "Hence it is to be noted that it is the statute of limitations, almost exclusively, that gives subdivision (m) its tension [and effect]." Id. "It should therefore be plain to all lawyers that playing loose within the 120 days after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences." Id. at C4-40. See also discussion under C4-40 with regard to "Time Spent on Seeking 'Waiver' Comes Out of the 120 Days." See also C4-41 which states:

> All the notes really say is that the passing of the statue of limitations "may" justify a time extension, along with the statement that time can be extended "even if there is no good cause shown". That combination creates a void, not a guide. Must the extension be granted automatically merely because the statue of limitations has now expired? If so, and if good cause means a good reason, then subdivision (m) is indulging the plaintiff for the last kind of conduct one would put down as "good cause": waiting to the last minute to make service and then being careless about carrying it out.

See also conclusion to C4-41 which states:

> We end on this general note, duplicating a point already made several times, but perhaps still not often enough. A plaintiff in need of an enlargement of the 120-day period of Rule 4(m) does well to apply for the enlargement while the period is still alive. The court is by no means precluded from granting the enlargement after the period's expiration, and has of course done so in many cases, but an application beforehand does go some way towards establishing the kind of diligence needed to appeal to the court's discretion.

Here, there is no basis for an appeal to discretion. The defendants' motions with reference to untimely service of process will be granted.

### D. Motions to Dismiss Individual Defendants under Title VII

Both Reeves and Chiles have raised the issue of whether an individual may be held liable in a Title VII action. The magistrate judge declined to reach this issue because he dismissed the case based upon plaintiff's failure to perfect service of process in a timely manner. The court does not reach the issue, but will briefly address the issue for the benefit of the parties.[9]

The Eleventh Circuit has consistently held that there can be no individual liability under a Title VII claim. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are ... inappropriate."). In this case, while both Reeves and Chiles are partners of Sirote, it is uncontested that Sirote is a professional corporation. Therefore, Reeves and Chiles cannot be held liable under Title VII in their individual capacities.

### E. Sanctions

Defendants Reeves and Chiles have moved for sanctions under FED. R. CIV. P. 11, which states in pertinent part:

> (b) Representations to Court. By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, –
> (1) it is not being presented for any improper purpose, such as to harass or

---

[9] Because plaintiff's theories contradict the clear law of the Eleventh Circuit, the court will not discuss them here. Suffice it to say, they were based upon a misunderstanding of how Sirote is organized and on Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350 (11th Cir. 1994) (partnership which owned hotel retained sufficient control over employees of corporation which managed hotel such that partnership and corporation were "joint employers" for purposes of determining applicability of Title VII to action against partnership).

        to cause unnecessary delay or needless increase in the cost of litigation;
            (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
        ...
(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties who have violated subdivision (b) or are responsible for the violation.

Reeves and Chiles argue that sanctions are due to be levied against plaintiff's attorney primarily for her legally unsupported theories regarding their individual liability under Title VII.

The Eleventh Circuit has identified three situations where the imposition of sanctions would be appropriate: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting Pelletier v. Zweifel, 921 F.2d 1465, 1614 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991)); see also Backer v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). An improper purpose may be demonstrated by "excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings." Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte, 141 F.3d 1434, 1448 (11th Cir. 1998). "[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." Baker, 158 F.3d at 524. In this case, while plaintiff's arguments of individual liability under Title VII regarding partners to a professionally incorporated law firm

14

turned out to be fruitless, they do not call for sanctions.[10]

**F. Conclusion**

Based on the foregoing, defendants' motions to dismiss based on ineffective service of process will be granted, defendants' motions to quash service of process will be granted, and the motion for Rule 11 sanctions will be denied.

This 2nd day of March, 2000.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[10] It, however, could well be a factor in the court's application of its discretion with reference to allowing further time for service of process.